## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON MORGAN | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| OFFICER ERIC SIEGFRIED, | : | |
| SERGEANT SALVATORE CUCCIUFFO, | : | |
| and APRIL MORGAN, | : | **NO. 22-2454** |
| | : | |
| Defendants. | : | |

**Perez, J.**                                                                                    **March 5, 2026**

## OPINION

Plaintiff Jason Morgan brings this *pro se* civil rights action under 42 U.S.C. § 1983 arising from his arrest and prosecution for simple assault and harassment following a family altercation at his sister, Defendant April Morgan's, apartment on January 16, 2021. Defendant Officers Eric Siegfried and Salvatore Cucciuffo (together, "Defendant Officers") move for summary judgment. April Morgan has filed a response joining in that request and arguing, among other things, that she is a private citizen and not a state actor.

For the reasons below, the Court grants summary judgment in favor of Defendant Officers on Plaintiff's federal claims because the undisputed record establishes probable cause and, independently, qualified immunity. The Court also grants summary judgment in favor of Defendant April Morgan on Plaintiff's federal claims because Plaintiff has not produced evidence that Morgan acted under color of state law. Finally, because the Court resolves all claims over which it has original federal question jurisdiction, it declines to exercise supplemental jurisdiction over any remaining state law claims against April Morgan, and dismisses those claims without prejudice.

1

## I.    PROCEDURAL HISTORY

Plaintiff Jason Morgan initiated this action on June 23, 2022, by filing a Complaint asserting federal civil rights claims and related state law claims against Defendant Officers and April Morgan. On February 3, 2023, the case was reassigned from the calendar of the Honorable Joseph F. Leeson, Jr. to this Court. Following reassignment, the Court granted Plaintiff leave to amend on March 29, 2023. Defendant Officers filed motions for judgment on the pleadings during the pleadings phase, which this Court denied. Plaintiff was represented by counsel through November 2024, when his attorney moved to withdraw. Thereafter, Plaintiff proceeded pro se. Summary judgment is now ripe for disposition, while the Court separately addresses whether to retain supplemental jurisdiction over any remaining state law claims against April Morgan.

## II.    LEGAL STANDARD

Summary judgment is properly granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.,* 954 F.3d 615, 618 (3d Cir. 2020). A dispute as to those facts "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III.    FACTUAL BACKGROUND

On January 16, 2021, Defendant Officers responded to a domestic dispute call at April Morgan's apartment. The reported altercation occurred before police arrived and was not captured on body-worn camera. ECF No. 24-1 ¶ 16; ECF No. 62 ¶ 5. At the scene, Defendant Officers interviewed both April Morgan, who had called the police, and Plaintiff Jason Morgan. ECF 62-4 at 4. Plaintiff reported that April Morgan punched him in the throat and grabbed him by the neck.

ECF No. 24-1 ¶ 16; ECF No. 62-4 at 4 (Ex. D, Police Incident Report). April Morgan, however, reported to Officer Siegfried and Sergeant Cucciuffo that Plaintiff punched her on the left side of her face, and Officer Siegfried observed minor redness on Ms. Morgan's left cheek. ECF No. 62-4 at 4. Plaintiff later testified at his deposition that, during the confrontation, he extended "two hands straight out like a shove" toward April Morgan (with his head turned). ECF No. 62-3 at 85. He denied striking her otherwise. *Id.*

The police incident report further notes that other unnamed parties provided differing accounts and that officers could not "clearly establish an aggressor." ECF No. 62-4 at 4. The report also reflects that Plaintiff had visible scratches on his neck, which April Morgan attributed to defensive actions. *Id.* No arrests were made, and no charges were filed on January 16, 2021.

The following morning, January 17, 2021, April Morgan contacted the Easton Police Department to report that she had developed a black eye. ECF No. 62-4 at 6. Sergeant Cucciuffo returned to the apartment and observed bruising above Morgan's left eye consistent with her report that Plaintiff had struck her on the left side of her face. *Id.* April Morgan also provided a voluntary written statement reporting that Plaintiff punched her in the left eye. ECF No. 62-5. Sergeant Cucciuffo relayed this updated information to Officer Siegfried and directed him to seek a warrant charging Plaintiff with simple assault and harassment. ECF No. 62-4 at 6. Officer Siegfried thereafter prepared an Affidavit of Probable Cause, and a neutral magistrate approved the affidavit and issued an arrest warrant. ECF No. 62-2. Plaintiff was arrested and prosecuted by the Northampton County District Attorney's Office and, after a bench trial, was found not guilty. At his deposition, Plaintiff testified that he challenged probable cause in the criminal proceedings but that the trial court denied his motion. ECF No. 62-3 at 116.

3

## IV.    DISCUSSION

### a.  Plaintiff's federal claims against Defendant Officers fail as a matter of law.

Plaintiff's federal claims against Defendant Officers (false arrest and malicious prosecution) require proof—at a minimum—that Defendant Officers acted without probable cause. The summary judgment record forecloses that showing.

### i.  False Arrest

A § 1983 false arrest claim fails if the officers had probable cause. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). Probable cause exists when the facts and circumstances within the officers' knowledge are sufficient to warrant a reasonable person to believe an offense has been committed. *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005). It requires a "fair probability," not proof beyond a reasonable doubt or even a preponderance. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000).

Here, on January 16, 2021, Defendant Officers confronted competing accounts: Plaintiff accused April Morgan of striking him, while April Morgan reported to multiple officers (including Siegfried and Cucciuffo) that Plaintiff struck her on the left side of her face. In addition, the officers observed redness on April Morgan's cheek that same day. Plaintiff also admitted at his deposition to using a two-handed shove toward his sister during the altercation. The next morning, April Morgan reported, and Sergeant Cucciuffo observed, a bruise/black eye consistent with her prior report of being struck on the left side of her face. After receiving that updated corroboration, Sergeant Cucciuffo directed that charges be filed, and Officer Siegfried prepared the affidavit for an arrest warrant.

On this record, no reasonable jury could find that an objectively reasonable officer lacked probable cause to believe Plaintiff committed simple assault and/or harassment. See *Wright*, 409

F.3d at 602; *Wilson*, 212 F.3d at 789. The Third Circuit has repeatedly recognized that officers may assess credibility, weigh information, and act on reasonable inferences when confronted with conflicting statements—particularly in fast-moving or emotionally charged encounters—so long as the ultimate inference of criminality is reasonable. See *Wright*, 409 F.3d at 603 (probable cause is assessed from the "facts and circumstances within [officers'] knowledge," and credibility judgments may be part of that assessment). That principle fits this record: the officers were not required to "disprove" Plaintiff's competing narrative before acting on corroborated evidence supporting April Morgan's accusation.

Plaintiff's later acquittal does not retroactively vitiate probable cause. *Wright*, 409 F.3d at 602 (probable cause does not depend on ultimate guilt). And Plaintiff's own deposition testimony that he struck April Morgan—albeit characterizing it as a "shove"—further reinforces that the officers' decision to pursue charges after corroborating injury was not constitutionally unreasonable.

Importantly, this case also involves a warrant reviewed and approved by a neutral magisterial district judge. When an arrest occurs pursuant to a warrant, a plaintiff may still proceed under § 1983, but the Third Circuit requires proof that the officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant," and that the falsehoods or omissions were material to probable cause. *Wilson*, 212 F.3d at 786–87; *see also Sherwood v. Mulvihill*, 113 F.3d 396, 399–401 (3d Cir. 1997); *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468–71 (3d Cir. 2016) (materiality assessed by reconstructing the affidavit with the alleged misstatements removed and omissions included).

On the summary judgment record before the Court, Plaintiff has not identified evidence from which a reasonable jury could find that Officer Siegfried or Sergeant Cucciuffo knowingly

or recklessly misstated or omitted material facts in the warrant application. The undisputed core information that supports probable cause remains: April Morgan reported on January 16 that Plaintiff struck her face, and by January 17 the responding supervisor observed a black eye consistent with that allegation, after which the warrant application was submitted and approved.

Even if Plaintiff contends the officers should have credited his accusation that April Morgan grabbed/punched him, the Third Circuit does not require officers to accept a suspect's exculpatory explanation over corroborated inculpatory evidence in order to establish probable cause. See *Wright*, 409 F.3d at 603. Put differently: once April Morgan's accusation was supported by observed injury and a consistent follow-up statement, a reasonable officer could conclude there was a fair probability Plaintiff committed the charged offenses.

### ii.  Malicious prosecution

A malicious prosecution claim under the Fourth Amendment requires a plaintiff to establish that:

> (1) the defendant initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the defendant initiated the proceeding without probable cause;
> (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). Police officers may be liable for malicious prosecution if they "conceal or misrepresent material facts" to the prosecutor. *Halsey*, 750 F.3d at 297 (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004)). In particular, an officer is liable if he "fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability

6

to exercise independent judgment in deciding whether to prosecute." *Finnemen v. SEPTA*, 267 F. Supp. 3d 639, 644 (E.D. Pa. 2017) (cleaned up).

Here, the Court assumes for purposes of this motion that Plaintiff can satisfy the second element because the criminal case concluded in his favor at a bench trial. But Plaintiff cannot establish the remaining elements necessary to survive summary judgment—most importantly, the absence of probable cause and malice.

First, as discussed above, the undisputed record establishes probable cause to believe Plaintiff committed simple assault and harassment. The day after the incident, April Morgan reported she had developed a black eye; Sergeant Cucciuffo returned to the residence and observed bruising above her left eye consistent with her report; and Morgan provided a written statement describing a punch to her left eye. ECF No. 62-4 at 6; ECF No. 62-5. Sergeant Cucciuffo relayed this information to Officer Siegfried and instructed him to seek a warrant, and Officer Siegfried prepared an Affidavit of Probable Cause that was approved by a neutral magistrate who issued an arrest warrant. ECF No. 62-4 at 6; ECF No. 62-2. These facts are sufficient, at minimum, to establish probable cause as a matter of law, which defeats the third element of malicious prosecution.

Second, Plaintiff has not produced evidence that Defendant Officers misled prosecutors or otherwise tainted the charging decision. He identifies no false statement in the affidavit, no material omission, and no exculpatory evidence withheld from the District Attorney. Nor is there evidence that either officer fabricated evidence, pressured witnesses, or otherwise interfered with the prosecutor's independent judgment. To the contrary, the incident report and probable cause materials reflect the competing accounts and the officers' observations as they unfolded. The warrant was pursued through ordinary channels based on the complainant's report, the observed

7

injury, and a written statement. ECF No. 62-4 at 4, 6; ECF No. 62-5; ECF No. 62-2. This record forecloses any reasonable inference that the proceeding was initiated without probable cause or that Defendant Officers acted with malice.

Third, because Plaintiff fails to raise a genuine dispute of fact as to lack of probable cause or officer misconduct in the initiation of charges, he likewise cannot establish malice. See *Johnson*, 477 F.3d at 84 (noting malice may be inferred from lack of probable cause, but where probable cause exists, the inference fails). Plaintiff's ultimate acquittal does not retroactively negate probable cause at the time the warrant was sought, and it does not supply evidence that Defendant Officers acted for a purpose other than bringing him to justice.

Accordingly, Defendant Officers are entitled to summary judgment on Plaintiff's Fourth Amendment false arrest and malicious prosecution claims.

### iii.  Qualified Immunity (Independent Basis)

Even if the Court assumed arguendo that Plaintiff could raise a genuine dispute regarding probable cause, Defendant Officers would still be entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from civil liability unless the plaintiff shows (1) the official violated a constitutional right and (2) the right was "clearly established" at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). A right is clearly established only if existing precedent has placed the constitutional question "beyond debate," such that every reasonable officer would understand that what he is doing violates that right. *al-Kidd*, 563 U.S. at 741; *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

Applying that framework here, Plaintiff cannot satisfy either prong. As discussed above, the record supports a finding of probable cause. But even assuming a constitutional violation, Plaintiff has not met his burden to show that the unlawfulness of Defendant Officers' conduct was clearly established under the particular facts confronted here—a domestic incident with competing accusations, contemporaneous observations of injury, a next-day report of a black eye corroborated by an officer's observation, and a voluntary written statement, followed by a warrant application. See *Wesby*, 583 U.S. at 63–64 (clearly established law must be defined with specificity and in light of the case's particular circumstances).

Critically, the arrest here proceeded pursuant to a warrant issued by a neutral magistrate after review of an affidavit of probable cause. That procedural safeguard "is the clearest indication that the officers acted in an objectively reasonable manner," and thus strongly supports qualified immunity absent a showing that the officer "knowingly and deliberately, or with a reckless disregard for the truth," made false statements or material omissions necessary to the finding of probable cause. *Messerschmidt v. Millender*, 565 U.S. 535, 546–48 (2012); *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Plaintiff has not identified record evidence from which a reasonable jury could find that Defendant Officers misrepresented material facts, omitted material information, or otherwise tainted the magistrate's probable cause determination. Nor has Plaintiff shown that, given the evidence the officers possessed, "every reasonable officer" would have understood that seeking and executing a warrant was unlawful. *al-Kidd*, 563 U.S. at 741.

To the contrary, the contemporaneous police incident report and the Affidavit of Probable Cause reflect the *messiness* inherent in this domestic dispute: they document the competing accusations, the officers' observations, and the evolving nature of the evidence, rather than presenting a one-sided narrative or concealing potentially exculpatory information.

9

Accordingly, Defendant Officers are entitled to qualified immunity as an independent ground for summary judgment.

### b. Section 1983 claims against April Morgan

To be liable under § 1983, a defendant must have acted "under color of state law." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Purely private conduct is not actionable unless it is fairly attributable to the State—such as where a private party is a "willful participant in joint activity with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

Here, April Morgan emphasizes that she was a private citizen and the crime complainant, not the arresting official. More importantly, the record contains no evidence from which a reasonable jury could find that Morgan exercised governmental authority or jointly acted with police in a manner that would convert her into a state actor. At most, she reported an alleged assault, provided follow-up information when bruising developed, and gave a written statement. Such conduct, without more, does not constitute state action. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 639 (3d Cir. 1995) (private complainant not a state actor absent evidence of joint action with police). Accordingly, April Morgan is entitled to summary judgment on Plaintiff's § 1983 claims.

### c. Supplemental jurisdiction over state-law claims

Because the Court grants summary judgment on all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction[1] over any remaining state-law tort

---

[1] Supplemental jurisdiction is governed by 28 U.S.C. § 1367. Under § 1367(a), district courts generally have supplemental jurisdiction over state law claims that form part of the same case or controversy as claims within the Court's original jurisdiction. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003). Section 1367(c)(3), however, permits a court to decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1507 n.11 (3d Cir. 1996). The decision is discretionary but guided by considerations of judicial

claims. 28 U.S.C. § 1367(c)(3). The Third Circuit has explained that, as a general matter, when all federal claims are dismissed before trial, the district court should "decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The Court sees no such affirmative justification here. Those claims will be dismissed without prejudice to refiling in state court.

## V.    Conclusion

Defendants Siegfried and Cucciuffo's motion for summary judgment is granted as to Plaintiff's federal claims. April Morgan is entitled to summary judgment on the § 1983 claims for lack of state action. The Court declines supplemental jurisdiction over any state law claims under § 1367(c)(3), and those claims are dismissed without prejudice.

---

economy, convenience, fairness, and comity. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)); see also *Annulli v. Panikkar*, 200 F.3d 189, 202–03 (3d Cir. 1999), overruled on other grounds by *Rotella v. Wood*, 528 U.S. 549 (2000). When a court declines supplemental jurisdiction, the appropriate disposition is dismissal of the state law claims without prejudice. See *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999).