UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MORGAN,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICER ERIC SIEGFRIED, OFFICER SERGEANT SALVATORE CUCCIUFFO, and APRIL MORGAN,<br><br>Defendants. | 22-CV-2454 (MRP)<br><br>ORDER |

AND NOW, this ________ day of ________________________, 2026, upon consideration of Defendant April Morgan's Post-Judgment Motion seeking recovery of all of her attorneys' fees, costs and noneconomic damages incurred by successfully defending against Plaintiff Jason Morgan's frivolous civil action, it is hereby ORDERED that said motion is GRANTED as follows:

Plaintiff, Jason Morgan, shall pay forthwith to Defendant April Morgan a sum to be determined at a hearing to be held on _________________________, 2026, representing the total amount of attorneys' fees and costs actually expended in defending in this frivolous lawsuit, as well as recovery of the noneconomic damages suffered by Defendant April Morgan as a result of Plaintiff Jason Morgan's conduct throughout this litigation.

**SO ORDERED:**

__________________________________________
Hon. Mia Roberts Perez, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MORGAN,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICER ERIC SIEGFRIED, OFFICER SERGEANT SALVATORE CUCCIUFFO, and APRIL MORGAN,<br><br>Defendants. | 22-CV-2454 (MRP)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT APRIL MORGAN'S MOTION FOR SANCTIONS, ATTORNEYS' FEES, COSTS AND NONECONOMIC DAMAGES AGAINST PLAINTIFF JASON MORGAN**

Defendant, April Morgan ("Defendant Morgan"), by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure 11, 37 and 54, as well as 28 U.S.C. § 1927, hereby respectfully moves this Honorable Court to enter an order requiring Plaintiff, Jason Morgan ("Plaintiff") to pay all of Defendant Morgan's attorneys' fees, costs of litigation, and non-economic damages incurred by defending against Plaintiff's frivolous litigation against Defendant Morgan.

For the reasons set forth at length in Defendant Morgan's Memorandum of Law in Support of her instant Motion, which is fully incorporated as if set forth at length herein, Defendant Morgan is entitled to an order requiring Plaintiff to pay all of Defendant Morgan's attorneys' fees, costs of litigation, and non-economic damages incurred by defending against Plaintiff's frivolous litigation against Defendant Morgan.

**WHEREFORE**, Defendant April Morgan respectfully requests that the instant Motion be granted and that this Honorable Court enter an order:

1. Awarding Defendant Morgan all attorneys' fees incurred in defending against Plaintiff's claims pursuant to Federal Rules of Civil Procedure 11, 37, and 54, and 28 U.S.C. § 1927;
2. Awarding Defendant April Morgan all costs of litigation incurred in this action;
3. Awarding Defendant April Morgan non-economic damages for emotional distress, reputational harm, and other damages caused by Plaintiff's frivolous litigation; and
4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PETERS LAW, PLLC**

Date: March 17, 2026 By: */s/Jayden N. Peters*

Jayden N. Peters, Esq.
306 S. New Street, Suite 110
Bethlehem, Pennsylvania 18015
*Attorney for Defendant April Morgan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MORGAN,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICER ERIC SIEGFRIED, OFFICER SERGEANT SALVATORE CUCCIUFFO, and APRIL MORGAN,<br><br>Defendants. | 22-CV-2454 (MRP)<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APRIL MORGAN'S MOTION FOR SANCTIONS, ATTORNEYS' FEES, COSTS AND NONECONOMIC DAMAGES AGAINST PLAINTIFF JASON MORGAN**

Defendant, April Morgan ("Defendant Morgan"), by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure 11, 37 and 54, as well as 28 U.S.C. § 1927, hereby respectfully submit this Memorandum of Law in support of her motion for sanctions, attorneys' fees, costs and noneconomic damages against Plaintiff, Jason Morgan ("Plaintiff").

## Introduction

This motion seeks recovery from Plaintiff all costs, expenses, attorneys' fees, and noneconomic damages, including compensation for the substantial time Defendant Morgan has been required to spend defending against this frivolous lawsuit, including time spent preparing for and attending depositions, reviewing and responding to Plaintiff's voluminous filings, and otherwise participating in this litigation, incurred by Defendant Morgan as a result of Plaintiff's frivolous civil rights action brought against her, a non-state actor.

Defendant Morgan additionally requests an award of damages for the noneconomic harm she has suffered, including emotional distress, reputational damage, and loss of time that could

have been devoted to her professional career and personal life. Throughout this litigation, Plaintiff has engaged in vexatious conduct, made baseless allegations, and refused to acknowledge the fundamental weakness in his claims despite multiple adverse rulings and the denial of relief at various stages of this proceeding.

**Background**

On June 23, 2022, Plaintiff initiated this action by way of Complaint alleging Fourth Amendment Due Process violations as to all Defendants, including Defendant Morgan, arising from a family dispute on January 16, 2021.

On January 16, 2021, Defendant Officers responded to a domestic violence incident at Defendant Morgan's residence in which Defendant Morgan was the victim of an assault perpetuated by Plaintiff. There was no immediate evidence of the assault visible on Defendant Morgan's face, and since the family member witnesses to the assault refused to cooperate fully with law enforcement, no arrest was made that day.

On January 17, 2021, however, Defendant Morgan, upon experiencing black and blue bruising in the area where she alleged that the Plaintiff struck her, contacted the Defendant police officers' department to make a follow up report. Upon making that follow up report, Defendant Morgan was advised that the Easton Police Department planned to file criminal charges for simple assault and harassment and sought an arrest warrant for the Plaintiff. After a neutral magistrate issued an arrest warrant for the Plaintiff for assaulting Defendant Morgan, the Plaintiff was indeed arrested by the Defendant police officers acting under the color of state law.

Plaintiff in this action alleged that Defendant Morgan falsely reported to police that Plaintiff struck her, resulting in Plaintiff's arrest and prosecution for simple assault and harassment.

Plaintiff was ultimately acquitted at a bench trial on March 20, 2022. Since this action's commencement nearly four years ago, the parties have engaged in tedious, protracted and expensive litigation. Despite this being Plaintiff's case, Plaintiff was extremely difficult and unpleasant at each stage of this litigation.

On May 8, 2025, for example, Plaintiff appeared for a properly noticed deposition conducted by counsel for the police officer defendants. After counsel for the police officer defendants completed questioning, Defendant Morgan, then appearing *pro se*, attempted to ask the Plaintiff follow-up questions. Plaintiff refused to answer any questions from Defendant Morgan and walked out of the deposition before it was completed. Plaintiff claimed that Defendant Morgan had not properly noticed the deposition, despite the Court's prior instructions at the January 14, 2025 Rule 16 Conference that all parties would participate in depositions.

On May 14, 2025, the Court held a status conference to address the deposition dispute. On May 22, 2025, Defendant Morgan filed an amended notice to take Plaintiff's deposition on June 30, 2025. On June 25, 2025, the Court granted Defendant Morgan's motion and ordered Plaintiff to bear all costs associated with the June 30, 2025 deposition pursuant to Federal Rules of Civil Procedure 37(d)(1)(A)(i) and 30(d)(2).

Plaintiff never paid those costs to Defendant Morgan, or made himself available for a deposition. Defendant Morgan thus has been forced to advance her own costs of defense, out-of-pocket, which included retaining several attorneys, and missing time from work in order to prepare her defense for trial.

On September 18, 2025, the police officer defendants filed a motion for summary judgment, and Defendant Morgan joined in that motion. On March 5, 2026, this Court granted

summary judgment in favor of all defendants, specifically dismissing all federal claims against Defendant Morgan with prejudice on the grounds that at all relevant times Defendant Morgan was a private citizen who did not act under color of state law. The Court reasoned that Plaintiff failed to produce any evidence that Defendant Morgan acted under color of state law. The Court, that day, also declined to exercise supplemental jurisdiction over any remaining state law claims and dismissed those claims without prejudice. The Court further concluded that Plaintiff failed to establish a Fourth Amendment claim against the police officer defendants because the undisputed record established probable cause for Plaintiff's arrest.

## Discussion

### THE COURT SHOULD IMPOSE SANCTIONS ON PLAINTIFF AND AWARD DAMAGES TO DEFENDANT MORGAN

#### a. Fed. R. Civ. Pro. 11

Federal Rule of Civil Procedure 11 authorizes the district courts, either on their own or by a party motion, to impose sanctions when a party files papers that are not well-grounded in fact or warranted by existing law. Fed. R. Civ. Pro. 11. The rule provides that if a court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or *party* that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1) (emphasis added). If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. Fed. R. Civ. Pro. 11(c)(2). A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. Pro. 11(c)(4).

Here, Plaintiff's Section 1983 claims against Defendant Morgan were not warranted by existing law because it is well-established that private citizens who do not act under color of state law cannot be held liable under Section 1983. *See Lugar v. Edmondson Oil Co*., 457 U.S. 922 (1982); *Brentwood Academy v. Tennessee Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295-296 (2001); *Delguerico v. Springfield Twp*., 2002 U.S. Dist. LEXIS 23505 (E.D.PA 2002); *Damico v. Harrah's Phila. Casino & Racetrack*, 674 Fed. Appx. 198 (3rd Cir. 2016); *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019).

The Court's State Action Doctrine "distinguishes the government from individuals and private entities." *Id*. (*citing Brentwood Academy*, 531 U.S. at 295-296); *see also, Leshko v. Servis*, 423 F.3d 337 (2005) *and Lindke v. Freed*, 601 U.S. 187 (2024). Put another way, "[b]ecause the [Fourth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar*, 457 U.S. at 924.

Plaintiff's claims against Defendant Morgan in this action were fundamentally frivolous because they required proof that Defendant Morgan made false statements to police and that no probable cause existed for Plaintiff's arrest. The record established, however, that Defendant Morgan reported to multiple police officers on January 16, 2021, that Plaintiff struck her in the face, and that she displayed visible injuries consistent with her report on January 17, 2021. A neutral and detached magistrate judge reviewed the affidavit of probable cause and determined that probable cause existed to issue an arrest warrant for Plaintiff. The fact that Plaintiff was ultimately acquitted at trial does not establish that Defendant Morgan's report was false or that probable cause was lacking at the time of arrest. Plaintiff has presented no evidence that Defendant Morgan self-inflicted her injuries or made knowingly false statements to police, despite making these serious allegations throughout this litigation.

Instead, Plaintiff has attempted to overwhelm the Court and opposing parties with years of irrelevant family disputes, personal grievances, and speculative theories about Defendant Morgan's motives despite the fundamental legal deficiency that Defendant Morgan is a private citizen and crime victim who reported an assault to police, and was not a state actor capable of violating Plaintiff's Fourth Amendment Due Process rights. Defendant Morgan has been forced to defend against this frivolous and vicious lawsuit for nearly four years. Defendant Morgan has been required to participate in extensive discovery, including preparing for and attending depositions and other pretrial motions. Defendant Morgan has been required to respond to voluminous filings by Plaintiff, including multiple motions and extensive email correspondence. Defendant Morgan has incurred substantial costs associated with this litigation, including deposition costs, transcript costs, and other litigation expenses. Beyond monetary costs, Defendant Morgan has suffered significant noneconomic harm, including emotional distress, loss of time, and damage to her reputation from Plaintiff's baseless allegations.

Additionally, Defendant Morgan has been forced to relive the traumatic events of January 16, 2021, and to defend against allegations that she fabricated injuries and made false reports to police. As a healthcare professional, Defendant Morgan's reputation and career have been jeopardized by Plaintiff's unfounded accusations of dishonesty and criminal conduct.

As stated earlier, Rule 11 sanctions must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. Pro. 11(c)(4); *see also Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384 (1990); and *Bus. Guides, Inc. v. Chromatic Communs. Enters*., 498 U.S. 533 (1991).

In this case, substantial sanctions are necessary to deter Plaintiff from filing similar frivolous actions in the future and to deter other litigants from using the federal courts to pursue personal vendettas under the guise of civil rights claims. Plaintiff has demonstrated a pattern of vexatious litigation conduct, including walking out of depositions, filing meritless motions, and refusing to accept adverse Court rulings. Without meaningful sanctions, Plaintiff is likely to continue this pattern of conduct in this case and potentially in future litigation. An award of costs, expenses, and compensation for Defendant Morgan's time is necessary to make Defendant Morgan whole and to send a clear message that frivolous litigation will not be tolerated. *See Karupiayan v. Infosys*, 2023 U.S. Dist. LEXIS 18859 (D.NJ. 2023) ("the Court will not tolerate frivolous litigation that wastes judicial resources").

Accordingly, Defendant Morgan is entitled to relief in an amount to be determined at a subsequent hearing pursuant to Federal Rule of Civil Procedure 11.

**b. Rule 37 Sanctions**

Federal Rule of Civil Procedure 37 provides for sanctions when a party fails to cooperate in discovery. Fed. R. Civ. Pro. 37. The rule authorizes courts to order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. Pro. 37.

Here, Plaintiff's conduct in walking out of the May 8, 2025 deposition and refusing to answer Defendant Morgan's questions constituted a failure to cooperate in discovery. The Court has already found that Plaintiff's conduct warranted sanctions by ordering Plaintiff to bear all costs

associated with the rescheduled June 30, 2025 deposition. Plaintiff failed to comply with that Order; accordingly, Defendant Morgan is still entitled to recover those costs now in an amount to be determined at a subsequent hearing pursuant to Rule 37.

**c. Rule 54 Costs and Attorneys' Fees**

Federal Rule of Civil Procedure 54(d) provides that costs should be allowed to the prevailing party. Fed. R. Civ. Pro. 54(d)(1). A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. Pro. 54(d)(2)(A). Unless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment, specify the judgment and the statute, rule, or other grounds entitling the movant to the award, state the amount sought or provide a fair estimate of it, and disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. Pro. 54(d)(2)(B).

Here, Defendant Morgan is the prevailing party as to all claims asserted against her in this action. Throughout the course of this litigation, Defendant Morgan has incurred attorney's fees in excess of $10,000. Defendant Morgan will be prepared to provide a final accounting of all of her attorneys' fees and costs attributable to this matter at a subsequent hearing to be scheduled by this Honorable Court. Accordingly, the total amount of Defendant Morgan's attorneys' fees and costs incurred in defending this action to be determined at a subsequent hearing should be awarded to Defendant Morgan.

**d. 28 U.S.C. § 1927**

Plaintiff's claims against Defendant Morgan in this action were fundamentally frivolous because they required proof that Defendant Morgan made false statements to police and that no probable cause existed for Plaintiff's arrest. The record established, however, that Defendant Morgan reported to multiple police officers on January 16, 2021, that Plaintiff struck her in the face, and that she displayed visible injuries consistent with her report on January 17, 2021. A neutral and detached magistrate judge reviewed the affidavit of probable cause and determined that probable cause existed to issue an arrest warrant for Plaintiff. The fact that Plaintiff was ultimately acquitted at trial does not establish that Defendant Morgan's report was false or that probable cause was lacking at the time of arrest. Plaintiff has presented no evidence that Defendant Morgan self-inflicted her injuries or made knowingly false statements to police, despite making these serious allegations throughout this litigation.

Instead, Plaintiff has attempted to overwhelm the Court and opposing parties with years of irrelevant family disputes, personal grievances, and speculative theories about Defendant Morgan's motives despite the fundamental legal deficiency that Defendant Morgan is a private citizen and crime victim who reported an assault to police, and was not a state actor capable of violating Plaintiff's Fourth Amendment Due Process rights. Plaintiff's Section 1983 claims against Defendant Morgan were not warranted by existing law because it is well-established that private citizens who do not act under color of state law cannot be held liable under Section 1983. *See Lugar*, 457 U.S. 922; *Brentwood Academy*, 531 U.S. 288; *Delguerico*, 2002 U.S. Dist. LEXIS 23505 (E.D.PA 2002); *Damico v.*, 674 Fed. Appx. 198; *Manhattan Cmty. Access Corp.*, 587 U.S. 802.

Title 28 U.S.C. § 1927 provides that any attorney or other person admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

Here, Plaintiff unreasonably and vexatiously multiplied the proceedings in this case by pursuing federal civil rights claims against Defendant Morgan, a private citizen who could not be held liable under Section 1983. Plaintiff further multiplied the proceedings by refusing to cooperate in discovery, walking out of a properly noticed deposition, engaged in vexatious conduct, made baseless allegations, and refused to acknowledge the fundamental weakness in his claims despite multiple adverse rulings and the denial of relief at various stages of this proceeding.

Accordingly, Defendant Morgan is entitled to an order requiring Plaintiff to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct at an amount to be determined at a subsequent hearing scheduled by the Court.

**Conclusion**

Plaintiff Jason Morgan pursued federal civil rights claims against Defendant Morgan that were fundamentally flawed as a matter of law because Defendant Morgan is a private citizen who did not act under color of state law. Plaintiff's conduct throughout this litigation, including walking out of a deposition and refusing to cooperate in discovery, unreasonably and vexatiously multiplied the proceedings. Defendant Morgan has been forced to defend against these frivolous claims for nearly four years, incurring substantial attorneys' fees, costs, and non-economic damages.

Respectfully submitted,

**PETERS LAW, PLLC**

Date: March 17, 2026

By: *<u>/s/Jayden N. Peters</u>*

Jayden N. Peters, Esq.
306 S. New Street, Suite 110
Bethlehem, Pennsylvania 18015
*Attorney for Defendant April Morgan*

**CERTIFICATION OF SERVICE**

I hereby certify that on this 17th day of March 2026, a true and correct copy of the foregoing **DEFENDANT APRIL MORGAN'S MOTION FOR SANCTIONS, ATTORNEYS' FEES, COSTS AND NONECONOMIC DAMAGES AGAINST PLAINTIFF JASON MORGAN, MEMORANDUM OF LAW IN SUPPORT AND PROPOSED ORDER** was filed with the Clerk of the Court and served upon all parties and counsel of record through the Court's electronic filing system.

Respectfully submitted,

**PETERS LAW, PLLC**

Date: March 17, 2026

By: */s/Jayden N. Peters*

Jayden N. Peters, Esq.