**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON MORGAN**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER ERIC SIEGFRIED, SERGEANT SALVATORE CUCCIUFFO, and APRIL MORGAN,**<br><br>Defendants. | : | **CIVIL ACTION**<br><br><br><br><br><br>**No. 22-2454** |

**Perez, J.** **July 31, 2026**

# OPINION

This case arises from a domestic dispute between Plaintiff Jason Morgan and Defendant April Morgan ("Defendant Morgan"), on January 16, 2021. Police Officer Eric Siegfried and Police Sergeant Salvatore Cucciuffo ("Defendant Officers") arrested Plaintiff on or about January 17, 2021, for simple assault and harassment. Following a 2022 bench trial acquittal, Plaintiff brought claims asserting Defendant Officers, in concert with Defendant Morgan, violated his civil rights pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Morgan's Motion for Sanctions, Attorney's Fees, Costs, and Noneconomic Damages. For the reasons below, Defendant Morgan's Motion will be denied. The denial will be without prejudice only insofar as Defendant Morgan may file a narrowly tailored request to enforce the Court's existing Order requiring that Plaintiff bear all costs associated with his June 30, 2025, deposition.

## I. FACTUAL BACKGROUND[1]

On January 16, 2021, Plaintiff was involved in a domestic dispute with his sister, Defendant Morgan, at her Easton, Pennsylvania apartment during a family disagreement regarding the care of their elderly father. ECF No. 24-1 at 3 ¶ 6, 9; *Id*. at 4 ¶ 12; ECF No. 80 at 2. The reported altercation occurred before police arrived and was not captured on body-worn camera. ECF No. 80 at 2. Plaintiff reported Defendant Morgan punched him in the throat and grabbed him by the neck. *Id*. Defendant Morgan reported Plaintiff punched her on the left side of her face. *Id.* at 3. Officer Siegfried observed minor redness on Defendant Morgan's left cheek. *Id.* During his deposition, Plaintiff testified he extended "two hands straight out like a shove" toward Defendant Morgan (with his head turned). *Id.* He denied striking her otherwise. *Id*.

Responding City of Easton Police officers declined to make an arrest or file charges, noting an inability to establish an aggressor. *Id*. Defendant Officers were among the responders. *Id*. Defendant Officers' arrest report reflects Plaintiff had visible scratches on his neck. *Id.* Defendant Morgan attributed the scratches to defensive actions. *Id.*

On January 17, 2021, Defendant Morgan contacted the City of Easton Police Department to report a newly developed injury. *Id*. Sergeant Cucciuffo returned to Defendant Morgan's apartment and observed bruising above her left eye consistent with her report that Plaintiff struck her on the left side of her face. *Id*. Defendant Morgan additionally provided a voluntary written statement reporting Plaintiff punched her in the left eye. *Id*. Sergeant Cucciuffo relayed this updated information to Officer Siegfried and directed him to seek a warrant charging Plaintiff with simple assault and harassment. *Id.* Officer Siegfried thereafter prepared an Affidavit of Probable Cause, and a neutral magistrate approved the affidavit and issued an arrest warrant. *Id*. Plaintiff

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

was arrested and prosecuted by the Northampton County District Attorney's Office and, after a bench trial, was found not guilty. *Id*.

## II. ARGUMENTS OF THE PARTIES

Plaintiff brought claims asserting Defendant Officers falsely charged him with simple assault and harassment, arrested him without probable cause, and subjected him to false arrest and malicious prosecution in violation of 42 U.S.C. § 1983. He additionally brought claims alleging Defendant Morgan conspired with state actors to improperly arrest Plaintiff, subjecting her to liability under 42 U.S.C. § 1983.

Defendant Morgan asserts Plaintiff's 42 U.S.C. § 1983 claim against her is frivolous and unwarranted by existing law because the statute only imputes liability to public actors. She accordingly argues the Court should sanction Plaintiff pursuant to FED. R. CIV. P. 11 and 28 U.S.C. § 1927. Defendant Morgan additionally argues the Court should sanction Plaintiff pursuant to FED. R. CIV. P. 37(d)(3) for his premature deposition departure, and requests the Court award her attorney's fees, costs, and noneconomic damages.

## III. LEGAL ANALYSIS

For the following reasons, the Court will deny Defendant Morgan's Motion for Sanctions, Attorney's Fees, Costs, and Noneconomic Damages. Defendant Morgan failed to comply with the Rule 11 safe harbor requirement, and her post-judgment Rule 11 request is untimely under the Third Circuit supervisory rule. The Court also finds no basis for additional Rule 37 sanctions beyond the relief previously ordered, no entitlement to attorney's fees or costs under Rule 54 or § 1988, no proper basis for sanctions under § 1927, and no authority to award the noneconomic damages she seeks.

**A. Defendant Morgan Is Not Entitled to Rule 11 Sanctions.**

Rule 11 authorizes district courts to sanction attorneys or unrepresented parties who file pleadings for an improper purpose, raise frivolous arguments, or assert factual allegations lacking evidentiary support. FED. R. CIV. P. 11(b), (c); *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014). Rule 11 sanctions are a drastic remedy reserved exclusively for "'exceptional circumstance[s]' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir.1987)). In evaluating a request for sanctions, a district court applies an objective standard of reasonableness under the circumstances. *Doering*, 857 F.2d at 194.

To seek sanctions, a moving party must strictly comply with: (1) the safe harbor provision requiring moving parties serve their motions for sanctions upon opposing parties at least twenty-one days before filing with the court, and (2) the Third Circuit's supervisory rule mandating all motions for Rule 11 sanctions be filed in the district court before the entry of a final judgment and "as soon as practicable after discovery of the Rule 11 violation. FED. R. CIV. P. 11(c)(2); *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988).

Substantively, Rule 11 does not penalize parties for advancing creative legal arguments. *Gaiardo,* 835 F.2d at 483 (quoting the Rule 11 Advisory Committee Notes). Pleading contentions are permissible if they are "warranted by existing law or … by a nonfrivolous argument for extending, modifying, or reversing existing law." FED. R. CIV. P. 11(b)(2).

**1. Defendant Morgan's Rule 11 Request Fails Because She Did Not Comply with the Safe Harbor Requirement.**

Rule 11's safe harbor provision mandates that a motion for sanctions must be served on the opposing party at least twenty-one days before it is filed with the court. FED. R. CIV. P. 11(c)(2); *In re Schaefer*, 542 F.3d at 99. This twenty-one-day window provides the offending party a mandatory grace period to withdraw or correct the challenged pleading. *Id*. Strict compliance with this procedural prerequisite is mandatory; if the moving party fails to provide this twenty-one-day period, "the motion must be denied." *Id*.

Rule 11 sanctions are inappropriate because Defendant Morgan failed to serve her motion upon Plaintiff at least twenty-one days prior to filing, thereby depriving him of the mandatory safe harbor period to withdraw or correct the challenged pleadings. Strict compliance with this notice period is an absolute prerequisite, therefore, the Court denies Defendant Morgan's motion for Rule 11 sanctions.

**2. Defendant Morgan's Rule 11 Request Also Fails Because Her Motion Is Untimely Under the Third Circuit's Supervisory Rule.**

To prevent piecemeal appeals and post-judgment litigation, the Third Circuit enforces a mandatory supervisory rule requiring all motions requesting Rule 11 sanctions to be filed in the district court before the entry of a final judgment. *Pensiero*, 847 F.2d at 98. A party seeking sanctions must file the motion "as soon as practicable after discovery of the Rule 11 violation." *See, e.g., id*.; *see also In re Schaefer* 542 F.3d at 100, 102. This supervisory rule remains viable and fully applicable following subsequent amendments to Rule 11. *In re Schaefer* 542 F.3d at 100, 102. A party's failure to secure a Rule 11 ruling before final judgment on the merits renders any post-judgment motion untimely. *Doherty v. Allstate Indemnity Co*., No. 15-05165, 2019 WL 4751922, at *2 (E.D. Pa. Sept. 30, 2019).

Defendant Morgan failed to file her motion before the Court entered final judgment on March 5, 2026. She similarly failed to request Rule 11 sanctions as soon as practicable after

discovery of the allegedly sanctionable conduct. Defendant Morgan's untimely motion for sanctions thus violates the Third Circuit's supervisory rule. Therefore, her request for Rule 11 sanctions is denied.

**3. Alternatively, Defendant Morgan's Rule 11 Request Fails Because the Summary Judgment Ruling Does Not Independently Warrant Sanctions.**

Even if Defendant Morgan's motion were procedurally proper, the record would not warrant Rule 11 sanctions. Rule 11 allows parties to assert legal contentions that are "warranted by existing law or … by a nonfrivolous argument for extending, modifying, or reversing existing law." FED. R. CIV. P. 11(b)(2). An adverse ruling on the merits does not, without more, establish a claim was objectively frivolous when filed or maintained. *Frompovicz v. PTS Realty Holdings, LLC*, No. 18-261, WL 3092363, at *4 (E.D. Pa. June 21, 2018) ("[T]he 'mere failure of a complaint to withstand a motion for summary judgment' is not grounds for Rule 11 sanctions.") (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

The Court granted summary judgment because Plaintiff failed to produce evidence from which a reasonable jury could find that Defendant Morgan acted under color of state law. However, Defendant Morgan identifies no particular filing showing Plaintiff knowingly advanced a baseless factual contention, pursued the litigation for an improper purpose, or continued litigating after his position became objectively unreasonable. The summary judgment ruling therefore does not independently establish the exceptional circumstances required for Rule 11 sanctions.

**B. Defendant Morgan Has Not Established a Basis for Additional Rule 37 Sanctions.**

Under Rule 37(d)(3), a court may require a party who fails to attend their own deposition pay reasonable expenses caused by their absence, unless the failure "was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). Pro se litigants

are not immune from Rule 37 sanctions and bear personal responsibility for their discovery conduct. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008); *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 114 (3d Cir. 2015). Third Circuit courts evaluate discovery sanctions using a multi-factor test centered on whether noncompliance was willful or in bad faith. *Hoffman*, 621 F. App'x at 114. This standard distinguishes bad faith obstruction from noncompliance caused by financial distress; thus, a monetary fee award is unjust under Rule 37 where a party lacks the practical ability to pay the requested fees. *See Spellman v. Am. Eagle Exp. Inc.*, No. 2:10-cv-01764, 2012 WL 1719204, at *2 (E.D. Pa. May 16, 2012).

Monetary sanctions under Rule 37(d)(3) are inappropriate because Plaintiff's premature departure from his May 8, 2025, deposition was substantially justified by a financial inability to pay, rather than bad faith obstruction. Furthermore, Plaintiff actively worked to mitigate any discovery disruptions by proposing cost-free written interrogatories. While the Court declines to impose additional fee-shifting sanctions, Defendant Morgan is permitted to file a narrow request to enforce the Court's existing Order (ECF No. 53) requiring Plaintiff to bear the specific costs associated with his June 30, 2025, deposition.

### C. Defendant Morgan Is Not Entitled to Attorneys' Fees Because Plaintiff's Claims Were Not Frivolous.

Rule 54(d) establishes the procedural mechanism for requesting attorney's fees, but it does not provide an independent, substantive source of law to award them. FED. R. CIV. P. 54(d)(2)(B)(ii). Instead, the substantive authority for fee-shifting in a federal civil rights action is 42 U.S.C. § 1988. *Staten v. Hous. Auth. of Pittsburgh*, 638 F.2d 599, 601-02 (3d Cir. 1980). Under § 1988, a prevailing defendant may recover attorney's fees only where the plaintiff's action was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157 (3d Cir. 2001). Third

Circuit courts consider the following guideposts when evaluating frivolity: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether the trial court resolved the claims by pre-trial dismissal or after a full trial on the merits. *Curran v. Se. Pa. Transp. Auth.*, 109 F. Supp. 2d 394, 396-97 (E.D. Pa. 2000) (citing *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997)) (quotations omitted).

An award of attorney's fees is unwarranted because Plaintiff's underlying civil rights claims were not frivolous, unreasonable, or without foundation. Although Plaintiff's state-action theory ultimately failed at the summary judgment stage, the factual record provided a colorable, good faith basis for a self-represented layperson to initiate suit. Defendant Morgan has failed to establish the level of frivolousness required to shift fees. Thus, her request for attorney's fees and costs is denied.

**D. 28 U.S.C. § 1927 Does Not Provide a Basis for Sanctions**

Under 28 U.S.C. § 1927, a court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to pay the excess costs and attorney's fees incurred by the opposing party. 28 U.S.C. § 1927. By its express statutory language, 28 U.S.C. § 1927 is "designed to discipline counsel only." *See, e.g., Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996); *see also In re Schaefer*, 542 F.3d at 101. Accordingly, the Third Circuit has expressed doubt as to whether 28 U.S.C. § 1927 applies to non-lawyer, pro se litigants. *Feingold v. Graff*, 516 F. App'x 229 n.9 (3d Cir. 2013). Even where the statute is legally applicable, § 1927 sanctions are only warranted upon a finding that an attorney has: (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing costs; and (4) done so in bad faith or by intentional misconduct. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002); *In re Schaefer*, 542 F.3d at 101. This bad faith element requires

willful, intentional misconduct; it cannot be satisfied by showing mere "misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009).

Sanctions under 28 U.S.C. § 1927 are legally unavailable because Plaintiff is a non-attorney, pro se litigant. In light of *Zuk* and *Feingold*, § 1927 does not provide a sound basis for imposing sanctions here. The Court therefore denies Defendant Morgan's request to impose § 1927 sanctions against Plaintiff.

**E. Defendant Morgan is Not Entitled to Noneconomic Damages Because Procedural Mechanisms Do Not Authorize Tort-Style Relief.**

A court's authority to award monetary relief under procedural rules or fee-shifting statutes is limited to the remedies authorized by each provision and may not be employed as a substitute for an independent tort action. *See Martin v. Brown*, 63 F.3d 1252, 1263 (3d Cir. 1995); *see also Bruch v. U.S. Coast Guard*, 749 F. Supp. 688, 692 (E.D. Pa. 1990). Because procedural fee-shifting mechanisms exist only to reimburse litigation labor, they cannot reach beyond economic costs to award noneconomic, tort-style relief. *Bruch*, 749 F. Supp. at 692.

Procedural sanctioning power may not be employed as a substitute for an independent tort action, a party seeking noneconomic relief must assert independent causes of action rather than rely on procedural litigation vehicles. *In re Schaefer*, 444 B.R. 286, 301 (D.N.J. 2011) ("No sanctioning power should be employed as a substitute for a tort action."). Rule 11 sanctions must be limited to "what suffices to deter repetition of … [mis]conduct" and may only direct payment of reasonable attorney's fees and other expenses resulting directly from the violation. FED. R. CIV. P. 11(c)(4). Absent contempt, discovery sanctions under Rule 37 are similarly confined to reasonable expenses and attorney's fees incurred as a result of the noncompliance. *Martin*, 63 F.3d at 1263. Likewise, Rule 54(d) permits recovery only of "costs … other than attorney's fees," which

are limited to taxable litigation expenses enumerated in 28 U.S.C. § 1920. FED. R. CIV. P. 54(d)(1); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987). Further, 42. U.S.C. § 1988 authorizes an award of "a reasonable attorney's fee as part of the costs," not noneconomic damages. *Bruch*, 749 F. Supp. at 692 ("An award of costs and fees is not a damage award."). Similarly, 28 U.S.C. § 1927 permits a court to require an attorney who unreasonably and vexatiously multiplies proceedings to satisfy "excess costs, expenses, and attorneys' fees reasonably incurred," limiting relief to excess litigation expenses. *LaSalle Nat. Bank v. First Connecticut Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (quoting 28 U.S.C § 1927).

Courts in the Third Circuit treat Federal Rules of Civil Procedure 11, 37, and 54, as well as 42 U.S.C. § 1988 and 28 U.S.C. § 1927, as fee-shifting or deterrence tools which do not authorize tort-style compensatory relief for noneconomic damages such as emotional distress, reputational harm, or lost time. As such, Defendant Morgan's request for noneconomic damages is denied.

## IV. Conclusion

For the foregoing reasons, Defendant Morgan's Motion for Sanctions, Attorney's Fees, Costs, and Noneconomic Damages is denied. The denial is without prejudice only insofar as Defendant Morgan may file a narrowly tailored request to enforce the Court's existing Order requiring that Plaintiff bear all costs associated with his June 30, 2025, deposition (ECF No. 53).

An appropriate Order follows.